UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-167-MOC-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| BOBBY LANELL HARGROVE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 38), and on the Government's Motion to Dismiss, (Doc. No. 41). Defendant, an inmate at United States Penitentiary in Yazoo City, Mississippi, seeks a reduction of his sentence based on the COVID-19 pandemic. Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in support of the motion to dismiss, Defendant has not exhausted his administrative remedies before filing this motion.

In sum, because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion and grants the Government's motion to dismiss.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 38), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his remedies with the BOP. To this extent, the

Government's Motion to Dismiss, (Doc. No. 41), is **GRANTED**.

Signed: March 30, 2021

Max O. Cogburn Jr.
United States District Judge